**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JETTEO, LLC<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART INC.<br><br>        Defendant. | Civil Action No.: _____<br><br>(DEMAND FOR JURY TRIAL) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jetteo, LLC ("Jetteo") alleges as follows:

## I.  NATURE OF THE ACTION

1.  This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271(a).

2.  Jetteo owns United States Patent No. 11,490,647 (the "'647 Patent"), which covers a sandwich maker for making a crustless-sealed sandwich.

3.  Jetteo also owns U.S. Design Patent No. D909,809 (the "'D809 Patent," and together with the '647 Patent, the "Patents-in-Suit"), which protects the distinctive ornamental design of its circular-sandwich cutters.

4.  Defendant Walmart Inc. ("Walmart") offers for sale and sells a "CRUSTLESS SANDWICH MAKER" (the "Accused Product") in square and circular versions on Walmart.com and sells the circular version in its physical retail stores throughout the United States, including this District. Based on information and belief,

1

Walmart also sells the square version of the Accused Product in retail stores, including this District.

5.    Walmart's offer for sale and sale of the Accused Product directly infringes the Patents-in-Suit.

6.    Before filing this action, Jetteo notified Walmart of its infringement on at least three separate occasions through Walmart's own intellectual-property-claim portal. Walmart acknowledged each notice in writing.

7.    Despite these repeated, formal notices and its own acknowledgments, and statements that the listings of the Accused Product were unpublished, Walmart has continued to offer for sale and sell the Accused Product online and in retail stores.

8.    Jetteo brings this action to enjoin Walmart's ongoing infringement and to recover damages, enhanced damages, and attorneys' fees for Walmart's willful infringement.

## II.  THE PARTIES

9.    Plaintiff Jetteo, LLC is a Pennsylvania limited liability company with its principal place of business in Lancaster, Pennsylvania.

10.    Defendant Walmart Inc. is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

## III.  JURISDICTION AND VENUE

11.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District under 28 U.S.C. § 1400(b).

12.    Walmart owns and operates numerous regular, physical, and established retail stores within the Eastern District of Pennsylvania, including stores located in

Philadelphia, Bucks, Montgomery, Delaware, Chester, Berks, Lancaster, Lehigh, Northampton, and Schuylkill Counties.

13.    Walmart offers the Accused Product for sale and sells it in its physical retail stores in this District.

14.    Walmart also targets consumers in this District by offering the Accused Product for sale and selling it through Walmart.com.

15.    In April and May 2026, Walmart sold and shipped the Accused Product to at least one purchaser in this District.

16.    Walmart has committed, and continues to commit, acts of patent infringement in this District, including selling and offering to sell the Accused Product in this District, and maintains regular and established places of business here.

17.    This Court has personal jurisdiction over Walmart, and venue is proper in this District under 28 U.S.C. § 1400(b), because Walmart maintains regular and established places of business in this District and has committed acts of patent infringement in this District.

## IV.  FACTUAL BACKGROUND

### A. The '647 Patent

18.    The '647 Patent is entitled "Sandwich Maker for Making Crustless Sealed Sandwich."

19.    The United States Patent and Trademark Office (the "USPTO") issued the '647 Patent on November 8, 2022.

20.    Kei Tawara is the named inventor.

3

21.     A true and correct copy of the '647 Patent is attached as Exhibit A.



FIG. 1

*Figure 1 of U.S. Patent No. 11,490,647.*

22.     As recorded by an assignment filed with the USPTO, Jetteo owns the entire right, title, and interest in the '647 Patent, including all rights to recover for past, present, and future infringement.

23.     The '647 Patent is valid, enforceable, and in full force and effect.

24.     The '647 Patent contains multiple claims, including independent claim 1, which is directed to a "sandwich maker" that includes a "primary cutting die" and a "sealing press" as recited therein.

### B. The 'D809 Patent

25.     The 'D809 Patent is entitled "Circular Sandwich Cutters."

26.     The USPTO issued the 'D809 Patent on February 9, 2021.

27.    Kei Tawara is the named inventor.

28.    A true and correct copy of the 'D809 Patent is attached as Exhibit B.



*Figure 7 of U.S. Design Patent No. D909,809.*

29.    As recorded by an assignment filed with the USPTO, Jetteo owns the entire right, title, and interest in the 'D809 Patent, including all rights to recover for past, present, and future infringement.

30.    The 'D809 Patent claims the ornamental design for circular sandwich cutters as shown in its figures.

31.    The 'D809 Patent is valid, enforceable, and in full force and effect.

### C. Jetteo's Products and Patent Marking

32.   Jetteo designs, manufactures, markets, and sells sandwich-making products that embody the inventions claimed in the Patents-in-Suit under the "SAVOYCHEF" brand.

33.   Since at least as early as August 2019, Jetteo has marketed, advertised, promoted, and sold its sandwich-making products to consumers in the United States, including through Amazon.com.

34.   Consumers value Jetteo's products for the patented sealing design of the '647 Patent. The sealing press has an oblique interior surface that compresses the upper slice of bread compactly—sealing the sandwich without cracking the bread or allowing the filling to spill—and imparts a slightly domed shape, producing a sealed, spill-proof, and aesthetically pleasing crustless sandwich.

35.   Jetteo marked its SAVOYCHEF product packaging with the '647 Patent number beginning in or about March 2024, thereby providing constructive notice of the '647 Patent under 35 U.S.C. § 287(a).



*Jetteo's SAVOYCHEF product packaging, marked "Pat. 11,490,647."*

36.     Jetteo has actively sold the SAVOYCHEF sandwich maker and has realized sales and profits from those sales.

37.     As a result of Walmart's unauthorized sales of the Accused Product, Jetteo has lost sales and market opportunities for its SAVOYCHEF product and has been harmed in its ability to license and exploit the Patents-in-Suit.

### D. The Accused Product and Walmart's Sales

38.     Walmart offers for sale and sells the "CRUSTLESS SANDWICH MAKER" (the "Accused Product") in square and circular versions on Walmart.com.

39.     The Walmart.com listing for the Accused Product states that the Accused Product is "Sold and shipped by Walmart.com."



*Excerpt from Walmart.com listing for the Accused Product.*

40.    Both the square and circular versions of the Accused Product include a three-piece set consisting of a "large cutter" (for cutting the crust off), a "sealer" (for sealing the bread together), and a mini cutter (for cutting sandwich filling such as cold cuts) as depicted in the photographs of the Accused Product below:





*Front and back of the physical packaging of the square (left) and circular (right) variations of the Accused Product, both bearing the name "CRUSTLESS SANDWICH MAKER."*

41.     Walmart also offers for sale and sells, at least the circular version of the Accused Product, in its retail stores, such as shown below.



*The Accused Product displayed on a Walmart clip-strip display at a Walmart retail store.*

42.     Walmart has never been authorized nor licensed by Jetteo to make, use, offer for sale, sell, or import the Accused Product under either the '647 Patent or the 'D809 Patent.

### E. Walmart's Notice of Infringement and Willful Conduct

43.     Walmart operates an intellectual-property claim portal at brandportal.walmart.com ("Walmart's IP-Portal").

10

44. On April 1, 2026, Jetteo submitted a formal patent-infringement claim through Walmart's IP-Portal regarding the Accused Product referencing both the '647 Patent and the 'D809 Patent as the basis for patent infringement. Walmart acknowledged receipt in writing the same day.

45. That confirmation identified the claim as involving a "patent" and the specific Walmart.com listing for the Accused Product.

46. On April 6, 2026, Walmart stated that it had "unpublished" the listing.

47. Nonetheless, the Walmart.com listing for the Accused Product—identified as "Sold and shipped by Walmart.com"—remained available for purchase online and in Walmart retail stores, and was in fact offered for sale and sold and shipped by Walmart itself on and after April 6, 2026.

48. On April 8, 2026 Jetteo submitted a second patent-infringement claim through Walmart's IP-Portal regarding the Accused Product again referencing both the '647 Patent and the 'D809 Patent as the basis for patent infringement. Walmart acknowledged receipt in writing the same day.

49. On April 15, 2026, Walmart stated that it had "unpublished" the listing.

50. Despite having acknowledged receipt of the second patent-infringement claim from Jetteo, the Walmart.com listing for the Accused Product—identified as "Sold and shipped by Walmart.com"—remained available for purchase online and in Walmart retail stores, and was in fact offered for sale and sold and shipped by Walmart itself on and after April 15, 2026.

51.     Consequently, Jetteo wrote Walmart an email later that same day, April 15, to "request escalation for patent review and permanent removal of [the Accused Product] … across all Walmart channels."

52.     Further, on April 15, 2026, Jetteo submitted a third formal infringement claim through Walmart's IP-Portal. On April 21, 2026, Walmart closed the additional

claim as a "duplicate" while the infringement continued unabated.



**Claim details**

**Claim ID:** BPCASE350011

We did not have sufficient information to process your claim.

### Summary

| | |
|---|---|
| **Status** | Rejected |

| | |
|---|---|
| **Claim date** | Apr 15, 2026 |
| **Claim type** | Patent |
| **Registration number** | 11490647 |
| **Submitted by** | Kei Tawara |
| **Reason** | Infringement of a utility patent |
| **Comments** | Hello Walmart IP Team, We previously submitted an intellectual property infringement notice regarding product 5621973988. This item infringes our Utility Patent US 11,490,647 and Design Patent D909,809. This is not seller-specific infringement. The entire catalog and product listing itself is infringing, as it is being actively sold across Walmart's platform. We have already submitted a report, but the listing remains live with no effective action taken. We request immediate removal of the infringing product and all associated listings, and confirmation of enforcement actions taken. Sincerely, Kei  Show less |

| | |
|---|---|
| **Document name** | comparison.jpg |

### Reported items

| Item ID | Order number | Reported seller | Status |
|---|---|---|---|
| 5621973988 | | Walmart.com | Rejected |

### Messages

**Walmart team**                                                                 Apr 21, 2026

Hello Jetteo, LLC, Thank you for taking the time to contact us about the following item(s): 5621973988 It looks like you've reported the same item(s) and sellers to us in another claim. As such, we are closing this claim as a duplicate. Thank you for your understanding. Regards, Brooks Walmart eCommerce Operations - Rights Ownership

13

*Walmart Brand Portal record of Jetteo's additional infringement claim (BPCASE350011), showing status "Rejected" and Walmart's April 21, 2026 closure of the claim as a "duplicate."*

53. Walmart has had actual knowledge of the Patents-in-Suit and of its infringement since no later than April 1, 2026.

54. Despite Jetteo submitting no less than three notice of patent infringment through Walmart's IP-Portal and Walmart's statements that the listings were unpublished, the listings remained active and Walmart continued to offer for sale, and continues to sell the Accused Product both online and in its retail stores. These continued offers of sale and sales after receiving actual notice of the Patents-in-Suit from Jetteo are willful and egregious.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,490,647

55. Jetteo realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

56. The '647 Patent is valid and enforceable.

57. Walmart has directly infringed and continues to directly infringe one or more claims of the '647 Patent, including at least claim 1, under 35 U.S.C. § 271(a) by offering for sale and selling the Accused Product in the United States, including in this District.

58. The Accused Product embodies each limitation of at least claim 1 of the '647 Patent.

59. Jetteo has complied with 35 U.S.C. § 287(a). Jetteo marked its SAVOYCHEF product packaging with the '647 Patent number beginning at least as early as March 2024, thereby providing constructive notice of the '647 Patent.

60.    In addition, Jetteo provided Walmart with actual notice of the Patents-in-Suit and of the Accused Product via Walmart's intellectual-property claim portal as early as April 1, 2026, and multiple times thereafter, and Walmart acknowledged receipt each time.

61.    Despite Jetteo's marking and actual notice, Walmart continued to offer the Accused Product for sale. Those post-notice acts were and remain reckless and willful.

62.    Jetteo has suffered and will continue to suffer damages as a result of Walmart's infringement. Jetteo seeks an award of its lost profits caused by Walmart's infringement to the extent proven at trial, including, but not limited to, lost unit sales, lost market share, and lost contribution margin on SAVOYCHEF product sales.

63.    In the alternative, if the Court determines lost profits are not available or fully provable, Jetteo seeks a reasonable royalty as compensation for Walmart's infringement under 35 U.S.C. § 284.

64.    Walmart's infringement has caused, and unless enjoined will continue to cause, irreparable harm to Jetteo for which there is no adequate remedy at law. Walmart's continuing sales of the Accused Product have deprived Jetteo of sales and retail placement opportunities, undermined Jetteo's ability to license and exploit the Patents-in-Suit, and harmed Jetteo's goodwill and reputation.

65.    Jetteo is entitled to enhanced damages of up to three times the amount found or assessed for Walmart's willful infringement, a finding that this is an exceptional case warranting attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT II
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D909,809

66. Jetteo realleges and incorporates by reference each preceding paragraph as though fully set forth herein.

67. The 'D809 Patent is valid and enforceable.

68. Walmart has directly infringed and continues to directly infringe the 'D809 Patent under 35 U.S.C. § 271(a) by offering for sale and selling the circular variant of the Accused Product in the United States, including in this District.

69. In the eye of an ordinary observer familiar with the prior art, the design of the circular variant of the Accused Product is substantially the same as the design claimed in the 'D809 Patent.



*Side-by-side comparison of Figure 7 of the 'D809 Patent (left) and the circular variant of the Accused Product (right).*

70.    Walmart's infringement of the 'D809 Patent is willful.

71.    For infringement of the 'D809 Patent, Jetteo seeks Walmart's total profits attributable to the infringing circular variant of the Accused Product under 35 U.S.C. § 289.

72.    Jetteo is entitled to a permanent injunction, damages adequate to compensate for Walmart's infringement, but in no event less than a reasonable royalty, under 35 U.S.C. § 284, enhanced damages of up to three times the amount found or assessed for Walmart's willful infringement, a finding that this is an exceptional case warranting attorneys' fees, costs, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

Jetteo respectfully requests that this Court:

A.  Enter judgment that Walmart has infringed the '647 Patent;

B.  Enter judgment that Walmart has infringed the 'D809 Patent;

C.  Enter judgment that Walmart's infringement of each of the Patents-in-Suit has been willful;

D.  Permanently enjoin Walmart, its officers, agents, servants, employees, and all persons acting in concert with them, from further infringement of the Patents-in-Suit under 35 U.S.C. § 283;

E.  Award Jetteo damages adequate to compensate for Walmart's infringement, but in no event less than a reasonable royalty, under 35 U.S.C. § 284;

F.  Award enhanced damages of up to three times the amount found or assessed for Walmart's willful infringement under 35 U.S.C. § 284;

17

G.  Award Jetteo, for infringement of the 'D809 Patent, Walmart's total profits from its sale of the circular variant of the Accused Product under 35 U.S.C. § 289 (as an alternative to and in the amount by which it exceeds the recovery under paragraphs E and F);

H.  Declare this an exceptional case and award Jetteo its reasonable attorneys' fees under 35 U.S.C. § 285;

I.  Award Jetteo its costs of suit;

J.  Award Jetteo pre-judgment and post-judgment interest; and

K.  Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Jetteo demands a trial by jury on all issues so triable.

Dated: May 28, 2026          **AXENFELD LAW GROUP, LLC**

By:___/s/ Robert R. Axenfeld_____
Robert R. Axenfeld, Esq.  (PA Bar No. 63343)

2001 Market St., Suite 2500
Philadelphia, PA 19103
Telephone: (215) 422-3000
Email: robert@axenfeldlaw.com

*Counsel for Plaintiff, Jetteo, LLC.*

18